UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| BORIS TOPE-TIANDEM | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:25-cv-362 |
| | ) |
| FAIRWAY CAPITAL RECOVERY, LLC | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant, | ) |
| | ) |

COMPLAINT AND DEMAND FOR JURY TRIAL

I. INTRODUCTION

1. Plaintiff brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., for unlawful, deceptive, and misleading conduct by Defendant in connection with the collection of an alleged consumer debt.

2. Specifically, Plaintiff alleges that Defendant knowingly or negligently reported the debt as "disputed" to credit reporting agencies when that was not accurate, in violation of 15 U.S.C. § 1692e(8).

II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

1

4. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, and Defendant regularly conducts business here.

## III. PARTIES

5. Plaintiff Boris Tope-Tiandem is a natural person residing in Charlotte, NC and is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Defendant FAIRWAY CAPITAL RECOVERY, LLC is a Ohio corporation with its principal place of business located at 4000 Executive Park Drive Suite 300 Cincinnati, OH 45241. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and is engaged in the business of collecting consumer debts.

## IV. FACTS OF THE COMPLAINT

7. Plaintiff allegedly incurred a consumer debt, primarily for personal, family, or household purposes.

8. Defendant began attempting to collect the alleged debt on behalf of another party in the amount of $1,516.

9. On or about March 13, 2025, Plaintiff reviewed his credit report and noticed the tradeline being reported from Defendant.

10. On or about March 13, 2025, Plaintiff disputed the validity of the debt in writing, notifying Defendant of the dispute.

11. Plaintiff sent the dispute via USPS certified mail and Defendant received this communication on March 20, 2025 at 4:37pm.

12. Despite this dispute, Defendant reported the debt to one or more credit reporting agencies (e.g., Equifax, Experian, or TransUnion) without marking the debt as "disputed."

13. Defendant either knew or should have known that the debt was disputed at the time of the reporting.

14. Defendant's failure to furnish the collection account information accurately is a violation of 15 U.S.C. § 1692e(8).

15. Defendant's false and misleading credit reporting damaged Plaintiff's credit standing, caused emotional distress, and interfered with Plaintiff's financial opportunities.

## V. FIRST CLAIM FOR RELIEF

*Violations of 15 U.S.C. § 1692e(8) – False or misleading representations*

16. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

17. Defendant violated 15 U.S.C. § 1692e(8) by communicating false credit information, specifically by falsely indicating that Plaintiff disputed the debt.

18. Defendant's conduct was false, deceptive, and misleading in connection with the collection of a debt.

19. As a direct result, Plaintiff suffered actual damages and is entitled to statutory damages, attorney's fees, and costs under 15 U.S.C. § 1692k.

3

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

1. Judgment for violations of the FDCPA;
2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
3. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
4. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and
5. Such other and further relief as the Court may deem just and proper.

This the 29th day of May, 2025.

 

Marcel A. McCrea, Esq.
Phillips and McCrea, PLLC

PO Box 30453
Charlotte, NC 28230
T.: 980.225.9072
F: 980.225.9080
marcel@lawpm.com
COUNSEL FOR PLAINTIFF